IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BYRON RICE,                       )
                                  )    Civ. Act. No. 12-250
            Petitioner,           )    Crim. Act. No. 09-218
                                  )
     v.                           )
                                  )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

MEMORANDUM

Gary L. Lancaster,                                July 2, 2012
Chief Judge.

This is an action to vacate sentence. On October 15, 2010, petitioner Byron Rice pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. § 846 and 841(a)(1) and 841(b)(1)(A)(i). On February 25, 2011, this court sentenced petitioner to 168 months in prison.

On February 29, 2012, petitioner filed the pending pro se[1] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner argues that his attorney, Thomas Livingston, was so ineffective that he was

---

[1] The court is mindful that a pro se movant cannot be held to the same stringent standards as attorneys. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

1

denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution.

Specifically, petitioner contends that defense counsel was ineffective because: (1) he allowed petitioner to be sentenced as a career offender based on a predicate drug offense that did not specifically fit the prerequisites of sections 4B1.1 and 4B1.2 of the United States Sentencing Guidelines (the "Guidelines"); and (2) he failed to object to the United States Government's use of two criminal offenses to enhance his criminal history pursuant to sections 4A1.1(a) and 4A1.1(c) of the Guidelines. Petitioner also contends that he is actually innocent of the career offender enhancement.

The government opposes petitioner's motion to vacate sentence, arguing primarily that petitioner knowingly and voluntarily waived his right to file a motion to vacate his sentence. The government further argues that petitioner failed to demonstrate ineffective assistance of counsel because the career offender sentencing enhancement was proper, that the use of petitioner's 2006 and 2007 convictions did not affect petitioner's criminal history calculation, and that petitioner's argument that he is "actually innocent" of the career offender enhancement is wholly inapplicable.

2

For the following reasons, petitioner's motion to vacate sentence will be denied without a hearing.[2]

I.   BACKGROUND

A federal grand jury returned an indictment on July 7, 2009, charging petitioner with one count of conspiracy to distribute and possess with intent to distribute heroin. [Doc. 2.][3] On October 15, 2010 petitioner pleaded guilty to that conspiracy count before this court. Petitioner's guilty plea was made pursuant to a plea agreement between petitioner and the United States Attorney's Office for the Western District of Pennsylvania.

The plea agreement, presented to petitioner in a letter dated October 12, 2010, stated, in part, that "Byron Rice further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his

---

[2]   A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on a review of the motion, the response and reply thereto, and the record in this case, the court concludes that a hearing is not required here because it is clear that petitioner is not entitled to relief.

[3]   All docket references are to Crim. Act. No. 09-218.

conviction or sentence." [Doc. 102, Ex. 1, p.3.] Petitioner signed the agreement on October 15, 2010, with the following acknowledgment:

> I have received this letter from my attorney, Thomas Livingston, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

[Doc. 102, Ex. 1, p. 5.]

Based on a total offense level of 34 and a criminal history category of VI, petitioner's Guidelines sentencing range was determined to be 262 to 327 months imprisonment. On February 25, 2011, this court sentenced petitioner to 168 months in prison and five years of supervised release. On February 29, 2012, petitioner filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

II. Legal Standard

A federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the

4

maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A petitioner "is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution." Jackson v. United States, No. 07-1525, 2008 WL 5429695, at *10 (W.D. Pa. Dec. 30, 2008) (quoting Hernandez v. United States, No. 07-752, 2008 WL 3843510, at *2 (D.N.J. Aug. 14, 2008)).

A petitioner bears the burden of establishing his entitlement to section 2255 relief. United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). Relief under section 2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, as a section 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. United States v. Bohn, No. 92-61-02, 1999 WL 1067866, at *3 (E.D. Pa. Nov. 9, 1999) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)).

III. Discussion

Petitioner seeks, pursuant to section 2255, to vacate, set aside, or correct his sentence. Petitioner's primary argument is that his counsel was ineffective because he allowed petitioner to be incorrectly sentenced as a career offender. The government argues that petitioner's motion should be dismissed because he knowingly and voluntarily waived his right to file a motion to vacate sentence pursuant to a plea agreement. Thus, the court must determine whether that agreement is enforceable.

The U.S. Court of Appeals for the Third Circuit has held that waivers of appellate and collateral rights in plea agreements will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); United States v. Khattak, 273 F.3d 557, 561-62 (3d Cir. 2001). The court of appeals has stated that district courts have an "independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238.

A. <u>Knowing and Voluntary Nature of the Waiver</u>

The court must first review the sufficiency of the plea agreement to determine whether the collateral waiver was knowing and voluntary. Id. at 238. Petitioner specifically waived his right to file a motion to vacate sentence under section 2255 in his plea agreement. The section 2255 waiver section of the plea agreement stated plainly: "Byron Rice further waives the right to file a motion to vacate sentence[.]" [Doc. No. 102, Ex. 1.] Petitioner signed the plea agreement, affirming that he had read and discussed the agreement with his counsel. [Doc. No. 102, Ex. 1.] The court finds that the terms of petitioner's plea agreement were sufficient and clear with respect to petitioner's collateral attack waiver.

Petitioner's ineffective assistance of counsel arguments are inapplicable to his plea agreement and its collateral attack waiver because those arguments focus on aspects of sentencing not controlled by the plea agreement. Petitioner argues only that his counsel was ineffective at the sentencing phase of the proceedings, resulting in an allegedly improper career offender enhancement and additional criminal history points for offenses that occurred after the offense for which he was sentenced here. The plea agreement did not cover petitioner's career offender status or criminal history

7

determination. It stated that petitioner would be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq., and based on consideration of the Guidelines and sentencing facts found by the district court. [Doc. 102, Ex. 1.] While he asserts that this ineffectiveness of counsel "ma[de] the plea unknowing and involuntary" [Doc. 103, p. 5], even a liberal reading of his argument shows it is directed at the miscarriage of justice prong of the applicable legal standard, not the requirement that a plea be knowing and voluntary. Petitioner does not argue that his counsel was ineffective in negotiating or explaining the plea agreement, and presents no evidence suggesting that his acceptance of the agreement was anything but knowing and voluntary. He also acknowledges that, aside from the miscarriage of justice he claims resulted from his classification as a career offender, the waiver of his right to attack collaterally his sentence was "otherwise valid[.]" [Doc. 103, p. 3.]

Based on the foregoing, we find that petitioner's guilty plea, and waiver of his right to file a motion under section 2255, was knowing and voluntary.

B. Miscarriage of Justice

The analysis does not end with the conclusion that the plea agreement was knowing and voluntarily. The court of appeals instructs that we must also "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243. Additionally, we are to consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result[.]" Id. at 242-243 (citations and quotations omitted).

Petitioner contends that his two prior felony convictions for "Possession With Intent to Deliver Heroin" and "Delivery of Heroin" do not qualify as "controlled substances offense[s]" under sections 4B1.1 and 2 of the Guidelines. Petitioner argues that those convictions were thus incorrectly used to classify him as a career offender under section 4B1.1(a) of the Guidelines, and absent the career offender enhancement his sentence would have been "at least 30 to 60 months shorter." [Doc. 103, p.3.] That would be a significant change in his sentence, but petitioner's argument that the career offender enhancement should not have applied is meritless.

9

"Under the United States Sentencing Guidelines, a defendant is a career offender subject to a sentencing enhancement if: (1) the defendant was at least eighteen years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is a controlled substance offense; and (3) the defendant has at least two prior felony convictions of a controlled substance offense." <u>United States v. Hernandez</u>, 218 F.3d 272, 278 (3d Cir. 2000) (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2011), hereinafter cited as "U.S.S.G."). Here, petitioner disputes only the third element of the career offender enhancement. He argues that his prior felony convictions were not controlled substances offenses under this definition because they involved delivery of heroin, not "manufacture, import, export, distribution, or dispensing[.]" With respect to the third element, section 4B1.2(b) defines "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The U.S. Court of Appeals for the Third Circuit has stated "that when a sentencing court is determining whether a prior crime meets the test of § 4B1.2, it should begin with the language of the statute and if that is clear, it should not look beyond the statute's text to the actual conduct." United States v. Siegel, 477 F.3d 87, 90 (3d Cir. 2007). The prior felony convictions that formed the basis for petitioner's career offender status were under 35 P.S. § 780-113(a)(30). See Commonwealth v. Byron Lanail Rice, Case Nos. CP-02-CR-0013081-1998 and CP-02-CR-0011450-2000. That provision, part of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, reads:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). The court finds this language to be clear in that it criminalizes controlled substances offenses in a manner consistent with the definition of such offenses in section 4B1.2. The court finds petitioner's attempt to draw a distinction between "delivering" and "distributing" controlled

11

substances to be unpersuasive. Delivery is a method of distribution.

Similarly, in another section 2255 motion to vacate sentence case, the United States District Court for the Eastern District of Pennsylvania found that convictions under 35 P.S. § 780-113(a)(30) qualify as controlled substances offenses within the meaning of section 4B1.1(a). Jackson v. United States, Cr. No. 03-793, 2007 WL 656685, at *5 (E.D. Pa. Feb. 26, 2007). In light of the plain language of the statute and persuasive case law, the court finds no error in the calculation of petitioner's Guidelines range based on a career offender enhancement.

Petitioner also argues that his criminal convictions in 2006 and 2007 were improperly counted in determining his criminal history category because they took place after the offense for which he was being sentenced. In response, the government argues that this is a non-issue because, based on his career offender status, the Guidelines required a criminal history category of VI, regardless of whether the 2006 and 2007 convictions were counted. The government is correct. The Guidelines state that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b). See also United States v. Freeman, 347 Fed. App'x. 761, 765 (3d Cir. 2009) ("Once a defendant is

deemed a career offender, his criminal history category must be set to VI.") Because petitioner was properly assigned career offender status under section 4B1.1, his criminal history category "must" be a VI, and thus the 2006 and 2007 offenses did not affect that determination. Accordingly, no miscarriage of justice occurred in determining petitioner's criminal history category.

Petitioner further argues that he is "actually innocent" of the career offender enhancement because his 2000 drug conviction did not carry a prison term of one year or more and he was actually sentenced to three years' probation. [Doc. 103, pp. 12 and 16.] This argument fails under a straightforward application of the Guidelines. A felony conviction meets the requirements of section 4B1.2 if it is "punishable by . . . imprisonment for a term exceeding one year . . . regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, application note 1. See also United States v. Ricks, 5 F.3d 48, 50 (3d Cir. 1993). Petitioner's 1998 and 2000 convictions were both punishable by a term of imprisonment up to fifteen years. See 35 P.S. § 780-113(f)(1). Accordingly, these convictions qualify as felony convictions under the Guidelines and petitioner is not actually innocent of the career offender enhancement.

In sum, the court has considered the underlying facts and determined that enforcing the plea agreement and its collateral attack waiver would not result in a miscarriage of justice. The record shows that this court properly sentenced petitioner and considered all the relevant sentencing factors.

### C. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds reasonable jurists would not find the conclusion that petitioner does not present any claims upon which habeas relief may be granted to be debatable. Thus, we will deny a certificate of appealability.

## IV. CONCLUSION

Based on the foregoing, this court finds that the record conclusively establishes that petitioner is not entitled to relief on his claim for a corrected sentence based on ineffective assistance of counsel. The court will enforce

14

petitioner's waiver of his right to appeal his sentence, and deny his motion.

        An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BYRON RICE,  )
 )  Civ. Act. No. 12-250
    Petitioner,  )  Crim. Act. No. 09-218
 )
v.  )
 )
 )
UNITED STATES OF AMERICA,  )
 )
    Respondent.  )

## ORDER

AND NOW, this 2nd day of July, 2012, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence [Crim. No. 09-218, at Doc. No. 97] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability SHOULD NOT ISSUE with respect to the court's order dismissing petitioner's section 2255 motion because, for the reasons set forth in the memorandum, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition ... under § 2255 is accompanied by an opinion ... it is sufficient if the order denying the certificate [of appealability] references the opinion ....").

1

The Clerk of Court is directed to mark this case closed.

_____, C.J.

cc: All Counsel of Record

   Byron Rice, pro se (Reg. No. 09278-068)
   Federal Correctional Institution McKean
   P.O. Box 8000
   Bradford, PA 1670